■ In the Matter of MARCUS S. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant; GLADYS S., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Kings County (Gallet, J.), dated May 16, 1986, which, after a hearing, dismissed the petition against the respondent mother.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the proceeding is remitted to the Family Court, Kings County, for a dispositional hearing before another Judge. In the interim, the child is to remain in the custody of the petitioner, the Commissioner of the New York City Department of Social Services.

An abused child is defined as a child under 18 years of age whose parent: "inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]).

At a fact-finding hearing, any determination that a child is abused or neglected must be based on a preponderance of the evidence (Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1). Where the condition of a child who is the subject of a child abuse or neglect proceeding is such as would not ordinarily occur except by reason of the acts or omissions of a parent or guardian that condition constitutes prima facie evidence of child abuse or neglect (Family Ct Act § 1046 [a] [ii]). Accordingly, once a petitioner has provided sufficient evidence to establish that a child has sustained a substantial injury, the burden of going forward with proof shifts to the parent or guardian who must then offer a satisfactory explanation for the occurrence of the injuries *(see, Matter of Shawniece E.,* 110 AD2d 900; *Matter of Cynthia V.,* 94 AD2d 773).

The injuries here, a diastatic fracture of the skull and a bilateral subdural hematoma, constituted prima facie evidence of abuse. The mother's attempts to attribute the child's injuries to a fall from a bed are insufficient to account for the severity of the injuries. The petitioner's evidence, which included the injuries themselves, the child's own statements made to medical personnel, and expert medical testimony supported a finding of abuse. Thus, the court's decision to credit the mother's explanation in the face of all the evidence to the contrary was clearly erroneous. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.