■ In the Matter of JACINTA J., a Child Alleged to be Abused.

The infant was brought to the hospital by respondent mother, who at first denied that anyone else had been in contact with the infant, but later stated that her boyfriend, respondent Spratt, had spent the night in the household and was present when the injury was discovered. Apart from the mother's initial idea that the 15-month-old infant might be having her menstrual period, a theory which she later discounted, neither respondent offered any explanation for the infant's injury.

Family Court Act § 1012 (e), insofar as applicable, defines an "abused child" as:

"a child less than eighteen years of age whose parent or other person legally responsible for his care;

"(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ".

At a fact-finding hearing, petitioner has the burden of establishing abuse or neglect by a preponderance of the evidence (Family Ct Act § 1046 [b]; *Matter of Tammie Z.,* 66 NY2d 1). Family Court Act § 1046 (a) (ii) provides for a presumption of abuse or neglect as follows: "[P]roof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible". Once a prima facie case has been established by petitioner, the burden of going forward shifts, and the parent or person responsible for the child must offer a satisfactory explanation to rebut the

evidence *(Matter of Marcus S.,* 123 AD2d 702; *Matter of Christopher S. v Kathleen S.,* 116 AD2d 653; *Matter of Shawniece E.,* 110 AD2d 900).

Here, Family Court properly noted that there was no direct proof that respondents caused the injury, but further found "that in the absence of expert testimony that a vaginal tear would ordinarily not be sustained or exist except by reason of the acts or omissions of a third party, the Petitioner has failed to establish sufficient evidence to invoke the statutory presumption of Section 1046 (a) (ii)." Contrary to Family Court's finding that there was no medical opinion offered as to the cause of the injury, the examining physician expressed his opinion that the injury was caused by insertion of a blunt object and that because of the absence of any accompanying external injury, the vaginal tear was not the result of accident. Thus, the court erred in failing to invoke the statutory presumption establishing a prima facie case of abuse (Family Ct Act § 1046 [a] [ii]).

Neither respondent offered a satisfactory explanation to rebut petitioner's evidence. Consequently, we find that a preponderance of the evidence establishes that Jacinta is an abused child. We further find that the evidence establishes that respondent Joseph Spratt was in the same household as respondent mother and Jacinta at regular intervals, and that the conduct of both respondents caused or contributed to the abuse of the infant *(see,* Family Ct Act § 1012 [g]). Thus, Family Court erred in dismissing the petitions.

Accordingly, the proceeding must be remitted to Family Court, Oneida County, for a dispositional hearing. (Appeal from order of Oneida County Family Court, Pomilio, J.—child abuse.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.