■ In the Matter of Jesse S. Joseph S. Appellant; Commissioner of the New York City Department of Social Services, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) from an order of the Family Court, Queens County (Gage, J.), dated December 7, 1987, which, after a fact-finding hearing, sustained allegations that he sexually abused his son, and (2) from a dispositional order of the same court, dated September 6, 1988, which, *inter alia,* limited contact with his son to biweekly supervised visits for five years or pending a further order of the court, and directed that visitation be supervised by the respondent for 18 months.

Ordered that the orders are affirmed, without costs or disbursements.

The petition in this child abuse case alleged that the appellant father sexually abused his infant son during the course of unsupervised weekend visits at his home during the summer of 1986.

A review of the record establishes that the petitioner presented a prima facie showing that the father had sexually abused the child, including the child's out-of-court statements to a social worker and to a "validator" respecting the nature of the sexual acts performed, which statements were sufficiently corroborated by medical evidence *(see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Kimberly K.,* 123 AD2d 865).

Once a prima facie case has been established by the petitioner, the burden shifts to the alleged abuser to offer a satisfactory explanation to rebut the evidence *(see, Matter of Jacinta J.,* 140 AD2d 990, 991). Since the father failed to come forward with satisfactory evidence to rebut the petitioner's case, the petitioner satisfied the requirement of Family Court Act § 1046 (b) that abuse be established by a preponderance of the evidence *(see, Matter of Jacinta J., supra,* at 990).

We see no reason to disturb the Family Court's dispositional order which prohibited the father from having unsupervised contact with the son for a period of five years or until the issuance of a further court order *(see, Matter of Erin G.,* 139 AD2d 737, 738). We further find that the Family Court's order

directing monitored supervised biweekly visitation under the auspices of a mental health professional was appropriate.

We have reviewed the father's further contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.