■ In the Matter of JUSTINA S. COMMISSIONER OF NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Appellants; KEITH P., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the Law Guardian, the Commissioner of the New York City Department of Social Services, and the natural mother appeal from an order of the Family Court, Kings County (Nason, J.), dated October 15, 1990, which, after a fact-finding hearing, found that the child had been sexually abused and dismissed the petition for failure to establish the identity of the child's sexual abuser.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is reinstated, it is found that the infant Justina S. was sexually abused by her natural father, Keith P., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing before a different Judge; and it is further,

Ordered that pending the entry of a dispositional order in the child protective proceeding, custody of the child is continued with the mother pursuant to a stipulation dated May 4, 1989.

On November 9, 1989 the Brooklyn Society for the Prevention of Cruelty to Children filed a petition pursuant to Family Court Act article 10 alleging that Keith P. had sexually

abused his biological daughter, Justina S., during the first two years and four months of her life, when the mother voluntarily permitted Keith P. to visit his child.

At a fact-finding hearing, the child's treating psychologist, Dr. Sylvia Lester, testified that the child had confided to her that she had been sexually abused by her natural father. The child recalled with particular vividness one instance of sexual abuse which occurred in a tent. Dr. Lester informed Justina's mother, Alina S., and Alina's husband, Brian S., of the child's allegations of sexual abuse. At the hearing, Alina S. testified to the unusual redness in the child's genital area that she witnessed after her daughter had spent time with the father. She recalled an episode on December 29, 1987, when she observed Keith P. masturbating while holding the partially clad infant against his chest. It was this incident which had prompted the mother to discontinue Keith P.'s voluntary visits with the child, in reaction to which he commenced paternity and visitation proceedings.

The child's out-of-court statements of sexual abuse were validated at the hearing by expert Dr. Anne H. Meltzer, who, in conjunction with her hearing testimony, submitted a lengthy report. Dr. Margaret McHugh also supplied physical verification. She testified, among other things, that there was scarring of the child's hymen and anus, as well as thinning of the posterior fourchette which could only have been caused by multiple instances of sexual abuse.

Keith P. generally denied all of the foregoing allegations, contending, for example, that he was not in New York after Christmas in 1987; and that throughout his camping trip with the child and the child's mother in August 1987, the trio had been accompanied by Keith's father, with the result that Keith had no opportunity to molest the child. By way of rebuttal, however, the petitioner presented two disinterested witnesses who had seen Keith in New York after Christmas in 1987. Further, a copy of the camping permit filled out by Keith on August 19, 1987, indicated that only he, Alina, and Justina were intending to occupy the campsite on that camping trip.

The Family Court dismissed the child protective petition because of the petitioner's alleged failure to corroborate the child's out-of-court assertion that the respondent Keith P. was the abuser (see, Family Ct Act § 1046 [a] [vi]). However, corroborative evidence as to the identity of an abuser is not required (Matter of Kimberly K., 123 AD2d 865; Matter of Fawn S., 123 AD2d 871; Matter of Dara R., 119 AD2d 579). In

any event, the child's identification of the perpetrator was amply corroborated by the fact that her consistent accounts of the abuse, naming Keith P. as her molester *(Matter of Erin G.,* 139 AD2d 737; *Matter of Faith AA.,* 139 AD2d 22; *Matter of Nicole V.,* 123 AD2d 97, *affd* 71 NY2d 112), were authenticated by her treating psychologist *(Matter of Linda K.,* 132 AD2d 149), and by the court-appointed validator, Dr. Anne H. Meltzer *(Matter of Shaune L.,* 150 AD2d 689; *Matter of Dutchess County Dept. of Social Servs. [Kerri K.—George K.],* 135 AD2d 631; *Matter of Erin G., supra).*

The petitioner thus established its contentions by overwhelming evidence *(Matter of Jesse S.,* 152 AD2d 581). Indeed, "this is a case in which the evidence is compelling in favor of the petition, with nothing but self-serving denials, containing many obvious exaggerations and internal inconsistencies", as well as transparent perjury "arrayed against it" *(Matter of James P.,* 150 AD2d 240, 242).

Accordingly, we have made new findings based upon our own detailed review of the record, and remit the child protective proceeding to the Family Court, Kings County, for an appropriate dispositional hearing before a different Judge *(see also, Matter of Justina S.,* 180 AD2d 641 [decided herewith]). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.