■ In the Matter of CHILD PROTECTIVE SERVICES, on Behalf of SHAVON G., and Others, Infants, Respondent, v MARY G., Respondent; DISTRICT ATTORNEY, SUFFOLK COUNTY, Intervenor-Appellant.—In a proceeding pursuant to Family Court Act article 10, the Suffolk County District Attorney appeals from an order of the Family Court, Suffolk County (Snellenburg, J.),

entered February 11, 1992, which, after a hearing, granted the Law Guardian's application for reasonable and regular visitation in the Suffolk County Jail between the respondent-respondent mother and her three infant children.

Ordered that the order is reversed, on the facts, and as a matter of discretion, without costs or disbursements, and the application is denied.

The Law Guardian appointed on behalf of the children sought an order directing reasonable and regular visitation between the mother and her children pursuant to Family Court Act § 1030. The mother subsequently joined in this application and, on February 11, 1992, the Family Court granted the mother reasonable and regular supervised visitation in the Suffolk County Jail with her three children. We find that the children's best interests would not be served if such visitation were to be permitted.

On April 2, 1991, the petitioner commenced proceedings against the mother in the Family Court, Suffolk County, alleging violations of Family Court Act § 1012 (e) (iii). Among other things, the petitions alleged that the mother abused her three daughters, ages six, four and three at the time the petitions were filed, by using drugs in their presence, by including them in group sexual encounters, and by allowing men to engage in various sex acts with each of the girls. On one occasion, the mother allegedly held the three-year-old child's arms down while one of the men engaged in sexual intercourse with the child. As a result of these allegations, criminal proceedings were also commenced against the mother. She is presently incarcerated at the Suffolk County Jail pending disposition of the criminal matter.

Under the facts and circumstances of this case, we find that the Family Court's grant of visitation constituted an improvident exercise of discretion and should, therefore, be reversed. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.