■ In the Matter of Guy UU., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD UU., Appellant. (And Four Other Related Proceedings.) [606 NYS2d 830] —Weiss, J. Appeals from five orders of the Family Court of Cortland County (Mullen, J.), entered March 28, 1991, which granted petitioner's application, in five proceedings pursuant to Family Court Act article 10, to adjudicate two of respondent's children to be abused and three of respondent's children to be neglected.

Respondent appeals a determination finding that he sexually abused two of his children (William and Matthew) and, by reason thereof, neglected his remaining three children (Guy, Vivian and David), contending that the proof failed to establish his involvement by a preponderance of the evidence and that the unsworn out-of-court statements of the two abused children were not properly corroborated pursuant to Family Court Act § 1046 (a) (vi). We disagree and affirm.

Contrary to respondent's contentions, a review of the record reveals more than adequate proof to satisfy petitioner's burden. Family Court has a superior vantage point from which to resolve the weight and credibility of the witnesses and its findings are entitled to deference absent a basis in record to disturb the determination (see, Matter of Esther CC., 194 AD2d 949). The court had before it the testimony of (1) Nathan Hare, a psychologist to whom William described sexual acts with respondent, (2) Nancy Van Saun, a sexual abuse treatment program coordinator, who, based upon the records in the case, gave her expert opinion that respondent was the perpetrator, (3) Shirley Helms, the foster mother of the three neglected children, who testified that William told her son and

later told her that respondent was the abuser, (4) Vicki Galtieri, who had been William's foster mother, testified to his aberrant sexual behavior, (5) Ethanie Holl, who was the kindergarten teacher for William and Matthew, described William's abnormal sexual behavior toward other boys, (6) Andrew Eppich, a sociotherapist who treated William, testified that William described respondent's sexual conduct with him, and (7) Amy Fuhr, a caseworker, who testified to William's revelations of respondent's sexual misconduct involving Matthew, his sister, Vivian, and himself.

Respondent neither called any witnesses nor testified himself, leaving petitioner's evidence unrebutted (see, Matter of F. Children, 178 AD2d 246, 247; cf., Matter of Marcus S., 123 AD2d 702).

The unsworn out-of-court statements of the two abused boys cross-corroborate each other sufficiently to meet the requirements of Family Court Act § 1046 (a) (vi) (see, Matter of Nicole V., 71 NY2d 112, 124). Similarly, the testimony elicited, while not directly corroborating respondent's identity as the abuser (see, Matter of Justina S., 180 AD2d 642, 643-644), established that the two boys were sexually abused (see, Matter of Brandon UU., 193 AD2d 835, 837). Here, the nature and extent of the abused boys' behavior, surfacing shortly after their placement in foster care, was indicative of the prolonged exposure to sexual abuse in their family home (see, Matter of Jacinta J., 140 AD2d 990, 991). Additionally, we find that the findings of neglect regarding the other three children were proper, even in the absence of direct evidence of such neglect (see, e.g., Matter of Vincent M., 193 AD2d 398).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the orders are affirmed, without costs.