■ In the Matter of ANGELINA AA. and Others, Children Alleged to be Abused and/or Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH BB., Appellant. [622 NYS2d 336] —Peters, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered November 19, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

In October 1992 petitioner commenced this proceeding to adjudicate respondent's children, Angelina, Joseph and Alice, to be abused and/or neglected. The investigation commenced by a hot-line report made by the children's mother. The report was made almost contemporaneously with respondent's acqui-

---

* While respondent also appealed from a dismissal of his custody petition, he failed to address this issue on appeal.

sition of custody of the children pursuant to court order. Following a fact-finding hearing, Family Court found that respondent had sexually abused Angelina and made a derivative finding of neglect concerning Joseph and Alice. At the dispositional hearing, an order was entered placing the children in the custody of their mother for one year. Respondent appeals. Subsequently, Family Court entered a temporary order placing the children in the custody of respondent under the supervision of his wife.

There must be an affirmance. Contrary to respondent's contentions, we find that Family Court's determination that respondent had abused Angelina and had neglected Joseph and Alice was supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112). As to respondent's contentions that Family Court gave greater weight to the testimony of petitioner's witnesses than respondent's witnesses and ignored the Law Guardian's oral report, the determination of the Appellate Division regarding custody and the prior Law Guardian's written report, we note that it is axiomatic that great deference will be accorded to those factual findings made by Family Court which had direct observation of and access to the parties and the professionals who testified. We will not disturb those findings on appeal unless we find that they lack a sound and substantial basis in the record (see, *Matter of Daniel R. v Noel R.,* 195 AD2d 704, 706). While the testimony of the children's mother was replete with inconsistencies, we find that there was sufficient evidence to support Family Court's determination.

We further find that the statements of Angelina were sufficiently corroborated (see, Family Ct Act § 1046 [a] [vi]; *Matter of David DD.,* 204 AD2d 791; *Matter of Alena D.,* 125 AD2d 753, *lv denied* 69 NY2d 605). Moreover, as respondent conceded at the fact-finding hearing that the child was sexually abused, identity of the perpetrator became a relevant issue. It is well settled that corroborative evidence as to the identity of an abuser is not required (*Matter of Justina S.,* 180 AD2d 642). In any event, here, as in *Matter of Justina S. (supra),* Angelina was consistent in her identification of respondent as the perpetrator.

Respondent further argues that there was insufficient evidence to support Family Court's determination that Joseph and Alice were neglected. It is well settled that the sexual abuse of one child, standing alone, does not establish a prima facie case of derivative neglect against the others (*Matter of Amanda LL.,* 195 AD2d 708). However, a respondent's conduct

may be found to demonstrate such an impaired level of judgment as to create a substantial risk of harm for any child in his care and thereby support a derivative finding of neglect *(supra)*. Here, the record reflects sufficient cause for such finding.

Respondent additionally contends that Family Court erred by refusing to permit the Law Guardian to testify as to the veracity of statements Angelina made at an in-camera interview during which the Law Guardian was present. As Angelina had an attorney-client relationship with her Law Guardian *(see, Matter of Bentley v Bentley,* 86 AD2d 926) and since the record does not reflect any willingness on the part of the child to waive her privilege and permit her Law Guardian to testify or express an opinion concerning her veracity, we find that Family Court appropriately refused to permit the Law Guardian to testify *(see, Matter of Karl S.,* 118 AD2d 1002).

Finally, respondent asserts that Family Court abused its discretion in releasing custody of the children to their mother. Family Court listened to extensive argument concerning its dispositional order and, in placing the children with their mother, ensured that respondent have access. Thereafter, the court modified its order and placed the children with respondent with his custody to be supervised by his wife. Since Family Court has modified the order appealed from and has granted respondent temporary custody of the children, we conclude that this portion of the appeal is moot *(see, Matter of Hanington v Coveney,* 62 NY2d 640).

The order of Family Court is, therefore, affirmed in its entirety.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.