(July 13, 1995)

■ In the Matter of JULISSA II. and Another, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NILSA JJ., Appellant. (And Another Related Proceeding.) [629 NYS2d 334] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 15, 1993, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and/or neglected.

In June 1993, petitioner filed two abuse and neglect petitions alleging that respondents had abused and neglected their two minor children, Julissa II., born in 1988, and Jesus II., born in 1983. Following a fact-finding hearing, Family Court concluded that Julissa was an abused child and that respondents' conduct caused or contributed to the condition. The court also concluded that the evidence of abuse to Julissa warranted a finding that Jesus was a neglected child. A dispositional hearing was held resulting in, *inter alia*, suspension of visitation. Respondents now appeal.

We turn first to respondents' contention that Family Court's determination of abuse was not supported by the requisite evidentiary standard. At the fact-finding hearing, petitioner had the burden of establishing abuse or neglect by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Jacinta J.*, 140 AD2d 990). Under Family Court Act § 1046 (a) (ii), prima facie evidence of abuse or neglect consists of proof of injuries "of such a nature as would ordinarily not be sustained or exist except by reason" of the parents' acts or omissions. Once a prima facie case has been established the burden of going forward with proof shifts to the parent, who must offer an adequate explanation for how the injuries occurred (*see*, *Matter of Jacinta J., supra*).

Here, we find that petitioner's evidence established a prima facie case of abuse and that therefore Family Court properly invoked the statutory presumption. Julissa's pediatrician testified that she found abnormalities in the child's vagina which had not been there in prior examinations and that she

suspected sexual abuse. She testified that such injuries do not occur by accident. As a result of the pediatric exam, the child was examined by a physician who testified regarding extensive injuries, including the fact that a scar looked like a "bad episiotomy" and was caused by a "very deep laceration" in the hymen area. This physician testified that in her opinion, Julissa was a victim of sexual abuse. The burden then shifted to respondents to proffer an adequate explanation. Although both respondents testified, neither suggested a satisfactory explanation to rebut petitioner's evidence (*see, Matter of Bobby M.*, 103 AD2d 777). A preponderance of the evidence therefore established that Julissa was an abused child. Furthermore, upon a review of the record, we agree with Family Court that the evidence was sufficient to support a finding of neglect of Jesus within the meaning of Family Court Act § 1012 (f) (i) (*see, Matter of Vincent M.*, 193 AD2d 398; *Matter of Dutchess County Dept. of Social Servs. v Douglas E., Jr.*, 191 AD2d 694).

We also reject respondents' contention that petitioner did not prove that they were responsible for Julissa's injuries and that therefore abuse was not demonstrated. The fact that the child suffered sexual abuse while in respondents' custody was sufficient to establish a prima facie case of abuse (*see, Matter of Lauren B.*, 200 AD2d 740).

Respondents further claim that Family Court erred in temporarily suspending visitation with the children. Given the testimony of the children's therapist along with the other record evidence before the court, we find that it did not abuse its discretion by temporarily suspending visitation (*cf., Matter of Child Protective Servs. v Mary G.*, 185 AD2d 339, *lv dismissed* 80 NY2d 972; *Matter of Broome County Dept. of Social Servs. v Dennis*, 97 AD2d 908).

We have reviewed respondents' remaining procedural contentions and have rejected them as either unpreserved for our review or lacking in merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.