■ In the Matter of Jesus II. and Another, Children Alleged to be Permanently Neglected. Tompkins County Department of Social Services, Respondent; Nilsa JJ., Appellant. [672 NYS2d 485] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered September 17, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

After a previous permanent neglect petition was denied, on the ground that petitioner had not established a realistic plan to reunite respondent with her children Jesus II. and Julissa II. (see, Matter of Jesus JJ., 223 AD2d 955), petitioner developed a new plan tailored to fit respondent's individual situation, including her need to address her problems outside the presence of her domineering husband (see, id., at 957). To this end, she was afforded an opportunity (her third) to complete a sex offender treatment program, free from her husband's influence; she was furnished individual counseling; and she was referred to a second "bridging" program, this one specifically for battered women. In addition, respondent's caseworker met with her, alone, on many occasions, and carefully and repeatedly explained to her that she could not be reunited with her children until she demonstrated an ability to protect them from harm, which, in turn, required an acknowledgment on her part that she bore some responsibility for the sexual abuse her daughter suffered while in her custody.

Notwithstanding these efforts, respondent did not make substantial progress. She was unable to enroll in the bridging program because she insisted that she had never been physically or emotionally abused by her spouse (despite having made contrary assertions during prior counseling), and she did not advance beyond the orientation portion of the sex offender program because she kept denying that she had knowledge of, or bore any responsibility for, her daughter's abuse. Moreover,

respondent continued to cohabit with her spouse—she became pregnant with his child (*see, Matter of Esther II.*, 249 AD2d 848 [decided herewith])—and continued to maintain that he posed no serious risk to her or the children.

In April 1996, petitioner commenced this proceeding seeking a determination that respondent had permanently neglected Jesus and Julissa, and terminating her parental rights. A fact-finding hearing was held, after which Family Court found that petitioner had proven by clear and convincing evidence that respondent had failed to plan for the children's future, in that she had taken no meaningful steps toward alleviating the conditions that led to their removal from her custody. Following a dispositional hearing, the court concluded that the children's best interests would be served by terminating respondent's parental rights and so ordered. Respondent appeals.

This proceeding is not, as respondent advocates, barred by res judicata or collateral estoppel, for it involves a completely different time period and a different service plan than were at issue in the previous permanent neglect proceeding. Nor are we persuaded that petitioner's plan was unrealistic or unsuited to respondent's particular circumstances because it required that she complete a sex offender treatment program (*see, Matter of Charlene TT.*, 217 AD2d 274, 277). Unlike the circumstances presented in *Matter of Charlene TT.* (*supra*), here there has been an adjudication that respondent is responsible for the sexual abuse of her daughter by reason of having failed to offer any explanation for the injuries inflicted while the child was in her care (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Julissa II.*, 217 AD2d 743, 744). Moreover, the treatment program to which respondent was referred did not mandate that she admit to having actively abused her daughter, but only that she recognize that she was in some way responsible for the abuse the child had endured while in her care. This is entirely consistent with the findings that had been made and the conclusion reached by the experts that respondent was a passive sexual offender (*see, Matter of Jesus JJ.*, 232 AD2d 752, 753-754, *lv denied* 89 NY2d 809).

The contention that petitioner failed to meet its burden of proving that respondent had neglected her children is equally meritless. Most convincing, in this regard, is the proof that respondent's attitudes and opinions about her daughter's ordeal have not changed markedly from the time the children were first removed from her care. While respondent now appears to be convinced that Julissa was indeed sexually abused,

respondent's caseworker, her therapist and the other experts who testified all attested that she persists in denying that either she or her husband are in any way answerable for that abuse. In the experts' view, this confirms that respondent remains unable to provide her children with a safe home (*see, Matter of Crystal Q.*, 173 AD2d 912, 913, *lv denied* 78 NY2d 855).

Respondent's evident inability to separate from her controlling and physically abusive husband for any appreciable period of time (*see, Matter of Michael RR.*, 222 AD2d 890, 891-892), to recognize and address the detrimental effects that the severe and recurring abuse of Julissa had on both of her children or to accept responsibility for her role in failing to prevent that abuse (*see, Matter of Sonia H.*, 177 AD2d 575, 576-577), and her failure or refusal to participate meaningfully in the counseling programs offered under the revised plan, taken together, provide ample basis for the conclusion that respondent has failed to meaningfully plan for her children's future (*see,* Social Services Law § 384-b [7] [a]).

We also reject respondent's assertion that Family Court erred in allowing petitioner to elicit testimony respecting respondent's statements and actions prior to the initial findings of abuse and neglect. The challenged evidence was relevant to whether petitioner had fashioned a plan suited to respondent's needs and whether respondent had overcome the problems that led to the children's placement with petitioner initially (*see, Matter of Mary S.*, 182 AD2d 1026, 1028). Furthermore, respondent has not shown how she was prejudiced by its admission. And, insofar as the witnesses' recitations of respondent's earlier statements constitute hearsay, they were nevertheless properly introduced as the admissions of a party (*see, People v Chico*, 90 NY2d 585, 589).

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.