■ In the Matter of ESTHER II., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NILSA JJ., Appellant. [672 NYS2d 483] —Yesawich Jr., J. Appeals from two orders of the Family Court of Tompkins County (Barrett, J.), entered October 8, 1996 and October 10, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

In a related case, *Matter of Jesus II.* (249 AD2d 846 [decided herewith]), we affirmed Family Court's determination that re-

spondent had permanently neglected her two older children, Jesus II. and Julissa II., by failing to take the steps necessary to eliminate the conditions that led to their removal. In particular, after an initial finding that Julissa had been sexually abused while in the custody of respondent and her husband, and Jesus derivatively neglected (*see, Matter of Julissa II.*, 217 AD2d 743), respondent continued to deny any responsibility for the harm that had been visited upon her children, and consequently it was determined that she could not adequately shield them from further abuse.

Esther II., respondent's third child by her husband, was born on May 8, 1996 while the permanent neglect petition involving Julissa and Jesus was pending. Esther was removed from respondent's home shortly after her birth and continued in petitioner's custody after a hearing was conducted pursuant to the emergency provisions of Family Court Act article 10. Petitioner then commenced this proceeding to adjudicate Esther a neglected child and, following a fact-finding hearing, Family Court granted the petition. A dispositional hearing ensued, resulting in an order committing Esther to petitioner's custody for 12 months. Respondent appeals.

In our view, the hearsay statements of the older children, respecting the abuse they experienced, as recounted by their therapists and their foster parent, and corroborated, in part, by respondent's own testimony (*see generally*, Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118-119), together with the remainder of the evidence presented at the fact-finding hearing and Family Court's recent findings (issued less than two months earlier) as to respondent's inability to provide a safe home environment for Julissa and Jesus (*see, Matter of Jesus II., supra*), amply support the conclusion that respondent continues to demonstrate "such an impaired level of judgment as to create a substantial risk of harm for any child in [her] care" (*Matter of Angelina AA.*, 211 AD2d 951, 953, *lv denied* 85 NY2d 808; *see, Matter of Daequan FF.*, 243 AD2d 922, 923).

And, although respondent suggests otherwise, it is apparent that Family Court did not decline to take judicial notice of its earlier findings and conclusions, but merely expressed some hesitation with regard to the propriety of taking notice of the testimony underlying those findings. It is clear, however, from the decision rendered, that the court did, in fact, consider its earlier determinations, insofar as the conclusions reached therein were relevant to the issues presented in this proceeding, and that it did not err in doing so (*see, Matter of Nassau*

*County Dept. of Social Servs. v Laquetta H.*, 191 AD2d 567, 568; Martin, Capra and Rossi, New York Evidence Handbook § 2.2.3, at 48).

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.