■ In the Matter of MERCEDES R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RICHARD R., Appellant. (Proceeding No. 1.) In the Matter of COLLEEN R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RICHARD R., Appellant. (Proceeding No. 2.) In the Matter of MATTHEW R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RICHARD R., Appellant. (Proceeding No. 3.) [751 NYS2d 788] —In three related child protective proceedings pursuant to Family Court Act article 10,

the father appeals from an order of the Family Court, Queens County (Bogacz, J.), dated October 24, 2001, which denied his motion for summary judgment dismissing the petitions and for visitation with the subject children.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for visitation is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In light of a subsequent order of the Family Court dated December 13, 2001, allowing visitation, the appeal from so much of the order dated October 21, 2001, as denied visitation has been rendered academic (*see Matter of Johannah QQ.,* 266 AD2d 769, 770; *Matter of Monsunlola O.,* 231 AD2d 638; *Matter of Kevin R.,* 193 AD2d 351, 352). In any event, in view of the admission of abuse of one of the subject children by the father, the suspension of visitation pending a fact-finding hearing was a provident exercise of discretion (*see Matter of Shavon G.,* 185 AD2d 339, 340).

These proceedings, pursuant to a second set of petitions alleging abuse by the father, were not barred by the doctrines of res judicata or collateral estoppel. A second petition may properly be brought where it presents subsequent allegations of neglect not covered by the earlier petition (*see Matter of Jesus II,* 249 AD2d 846; *Matter of Jean G.,* 225 AD2d 779; *Matter of Yan Ping Z.,* 190 Misc 2d 151, 155).

The Family Court properly denied the father's motion to dismiss the petitions. The out-of-court statements describing sexual abuse by the father require the court to conduct a fact-finding hearing at which the petitioner will have the burden of proving the allegations (*see Matter of Christina F.,* 74 NY2d 532, 535; *Matter of Katherine S.,* 271 AD2d 538; *Matter of Stefanel Tyesha C.,* 157 AD2d 322, 327). Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.