■ In the Matter of MICHAEL TOPP, Respondent, v KIM MARIE BOLOGNA, Appellant. [829 NYS2d 175]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Olshansky, J.), dated December 5, 2005, which, after a hearing, granted the father's petition for supervised visitation with the parties' child.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The subject child Kaitlyn Rose Topp was born on June 9, 2000 to Kim Marie Bologna and Michael Topp. After surrendering to authorities in August 2000, the father was convicted of attempted murder in the second degree, manslaughter in the second degree, and attempted robbery in the second degree, and incarcerated. In August 2003 the father commenced this proceeding seeking visitation with the child. The mother opposed any visitation with the father at the prison, which is located in St. Lawrence County, 35 miles from the Canadian border, since it required the child to travel 12 hours by automobile to make the round trip. She also expressed concern that prison facilities were unsuitable for a six-year-old child. Although the court granted the mother's application to retain the services of a psychologist, pursuant to County Law § 722-c, in order to testify about the impact that visitation in a prison setting would have on a young child, it never signed the necessary order and nonetheless awarded visitation to the father before a forensic examination could be conducted.

Under these facts and circumstances, the Family Court improvidently exercised its discretion by granting the father's visitation request prior to forensic evaluation regarding whether such visitation would be inimical to the child's best interest (*see Matter of Child Protective Servs. v Mary G.,* 185 AD2d 339 [1992]; *see also* County Law § 722-a; *Matter of Sharon E.,* 251 AD2d 663 [1998]). We thus remit the matter to the Family Court, Kings County, for forensic examinations to determine the impact that visitation in a prison setting would have on the parties' young child. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.