*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016            521540
_____

In the Matter of MERINDA MM.,
   Alleged to be a Permanently
   Neglected Child.

BROOME COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                        MEMORANDUM AND ORDER
                  Respondent;

SIRENA NN. et al.,
                  Appellants.
_____

Calendar Date:  September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                    _____

       Samuel D. Castellino, Big Flats, for Sirena NN., appellant.

       Sandra M. Colatosti, Albany, for Carl MM., appellant.

       Thomas P. Coulson, Broome County Department of Social
Services, Binghamton, for respondent.

       James Mack, Binghamton, attorney for the child.

                    _____

Clark, J.

       Appeal from a corrected order of the Family Court of Broome
County (Connerton, J.), entered August 14, 2015, which granted
petitioner's application, in a proceeding pursuant to Social
Services Law § 384-b, to adjudicate the subject child to be
permanently neglected, and terminated respondents' parental
rights.

Respondent Carl MM. (hereinafter the father) and respondent Sirena NN. (hereinafter the mother) are the parents of a daughter (born in 2012). The child was removed from respondents' care two weeks after her birth on the basis that, in violation of a safety contract agreed to by petitioner and respondents, the father and the child were residing with the mother, a registered sex offender who had been convicted of sexually abusing one of her older children, and that the father had permitted the mother unsupervised contact with the child. The child was subsequently adjudicated to have been neglected by respondents and, in April 2014, petitioner commenced this proceeding against respondents seeking adjudications of permanent neglect and termination of their parental rights. Following respondents' admissions of permanent neglect and a dispositional hearing, Family Court adjudicated the child to be permanently neglected and terminated respondents' parental rights. Respondents separately appeal, each arguing that Family Court should have imposed the alternative disposition of a suspended judgment.

We affirm. The singular inquiry in a dispositional hearing following an adjudication of permanent neglect is which disposition relating to the child's future care and custody is in his or her best interests; there is no presumption that any particular disposition will promote such interests (see Family Ct Act § 631; Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1098 [2013], lv denied 22 NY3d 862 [2014]; Matter of Kellcie NN. [Sarah NN.], 85 AD3d 1251, 1252 [2011]). Family Court may, in its discretion, commit guardianship and custody of the child to the petitioning agency or issue a suspended judgment, which provides a parent with "a brief grace period within which to become a fit parent with whom the child can be safely reunited" (Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015] [internal quotation marks and citations omitted]; see Family Ct Act § 631 [b], [c]; Matter of Kayden E. [Luis E.], 111 AD3d at 1098).

The record establishes that, although she acted appropriately during her supervised visits with the child, the mother failed to complete the mandated sexual abuse treatment program. In large part, the mother's lack of progress in the program was a result of a sexual abuse charge brought against her

in March 2014, during the pendency of which she was discharged from the program. The mother reengaged in the sexual abuse treatment program in January 2015 following her plea of guilty in the criminal action and, unsurprisingly, did not achieve her treatment goals during the brief period of individual counseling preceding the dispositional hearing, despite her attendance, "strong effort" and cooperation. Notwithstanding her promising start in counseling, the mother violated the program's rules by engaging with social media and stated to a clinical social worker that she had admitted to sexually abusing five of her other children only because the children had reported the abuse. Furthermore, the mother was sentenced to a 10-year term of probation, under the terms of which she was prohibited from having unsupervised contact with minors. Upon consideration of the foregoing, as well as the mother's lengthy Family Ct Act article 10 history relating to her 10 older children, a sound and substantial basis supports Family Court's determination that termination of the mother's parental rights was in the best interests of the child and, thus, we discern no abuse of discretion in Family Court's denial of the mother's request for a suspended judgment (see Matter of Iris Shawntelle Marie C., 22 AD3d 328, 329 [2005]; Matter of Brandon OO., 302 AD2d 807, 807-808 [2003]; Matter of Kaitlyn R., 279 AD2d 912, 916 [2001]).

With respect to the father, there was no evidence of a demonstrated ability to serve as a protective ally for the child. The father twice participated in Protective Allies for Children's Education, a program that seeks to educate nonoffenders of the risks of being romantically involved with sex offenders and how to protect children from sexual abuse at the hands of those offenders. Despite his participation, the program's administrators reported that the father did not derive any benefit from the program. The father acknowledged the mother's status as a sex offender, yet resisted petitioner's repeated directions to establish a separate residence from the mother. When the father later claimed to have established a separate residence, numerous unannounced visits cast doubt on that claim. Additionally, the father allowed the mother and her son — another known sex offender — to have unsupervised contact with his other children. While the father eventually acknowledged the risks that the mother posed to the child, there was no proof

establishing how his new-found understanding of these risks would impact his parenting or translate into an ability to be a protective ally for the child.  Moreover, at the time of the dispositional hearing, the father had not completed the mandated anger management course, further demonstrating his lack of commitment to reunification with the child.  According deference to Family Court's choice of dispositional alternatives, these circumstances, along with the length of time that the child remained in petitioner's care, provided a sound and substantial basis for Family Court's determination that termination of the father's parental rights, rather than a suspended judgment, was in the child's best interests (see Matter of Michael JJ. [Gerald JJ.], 101 AD3d 1288, 1293 [2012], lv denied 20 NY3d 860 [2013]; Matter of James U. [James OO.], 79 AD3d 1191, 1193 [2010]; Matter of Vivian OO., 34 AD3d 1111, 1115 [2006], lv denied 8 NY3d 808 [2007]).

    Peters, P.J., McCarthy, Lynch and Rose, JJ., concur.


    ORDERED that the corrected order is affirmed, without costs.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court