■ In the Matter of KARINA J.M. ST. VINCENT'S SERVICES, INC., Respondent; CARMEN ENID G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JAMEEA F.M. ST. VINCENT'S SERVICES, INC., Respondent; CARMEN ENID G., Appellant, et al., Respondent. (Proceeding No. 2.) [44 NYS3d 103]—

Appeals by the mother from two orders of fact-finding and disposition of the Family Court, Kings County (Alan Beckoff, J.) (one as to each child), both dated October 6, 2015. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother had permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and HeartShare St. Vincent's Services, formerly known as St. Vincent's Services, Inc., for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

These appeals concern the petitioner's second petition to terminate the mother's parental rights to the subject children. The Family Court dismissed the petitioner's first petition upon finding that the petitioner had failed to demonstrate that it exercised diligent efforts to assist the mother in reuniting with the subject children. The court granted the second petition, and the mother appeals.

To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (*see* Social Services Law § 384-b [4], [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Omarie S.B. [Evan J.]*, 137 AD3d 902, 903 [2016]). In determining a petition alleging permanent neglect, the court's "threshold inquiry" must be "whether the agency exercised diligent efforts to strengthen the parental relationship" by "providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" (*Matter of Star Leslie W.*, 63 NY2d at 142; *see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]). In providing appropriate services to a parent, an agency need not "guarantee that the parent succeed in overcoming his or her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]). Instead, "[p]arents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (*Matter of Jamie M.*, 63 NY2d at 393; *see Star Leslie W.*, 63 NY2D at 143; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home" (*Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011] [internal quotation marks omitted]; *see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]). An agency that has made diligent efforts to help a parent who is uncooperative or indifferent will be deemed to have fulfilled its duty (*see Matter of Jamie M.*, 63 NY2d at 393; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d at 779).

Contrary to the mother's contention, the dismissal of the petitioner's first petition on the ground that the petitioner had

failed to demonstrate its diligent efforts is not preclusive as to the second petition. A second termination proceeding may be commenced where it presents evidence of the parent's neglect and the agency's diligent efforts subsequent to the period at issue in the earlier petition (*see Matter of Mercedes R.*, 300 AD2d 664, 665 [2002]). Here, the petitioner's second petition concerns a different time period than the period at issue in the prior petition (*see Matter of Stephiana UU.*, 66 AD3d 1160, 1164 [2009]; *Matter of Justin Henry B.*, 21 AD3d 369, 370-371 [2005]; *Matter of Jesus II.*, 249 AD2d 846, 847 [1998]).

The primary obstacle to reuniting the mother with the subject children was her failure to visit them consistently. The record demonstrates that, although the petitioner scheduled more than 100 visits for the mother during the 16-month period at issue here, the mother attended fewer than half. The Family Court found that the mother failed to provide a credible explanation for her absences at the vast majority of those missed visits. In addition, the record supports the court's conclusion that the petitioner made diligent efforts to assist the mother in attending her visitation. The mother's failure to maintain contact with the children despite the petitioner's diligent efforts was sufficient to support a finding of permanent neglect (*see* Social Services Law § 384-b [4], [7] [a]; *Matter of Anais Maria O. [Jose Manuel O.]*, 134 AD3d 1040, 1041 [2015]; *Matter of Emily A.*, 216 AD2d 124, 124-125 [1995]).

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the children (*see* Family Ct Act § 631; *Matter of Merinda MM. [Sirena NN.]*, 143 AD3d 1095, 1096 [3d Dept 2016]; *Matter of Phoenix D.A. [Jessie A.]*, 143 AD3d 701, 702 [2d Dept 2016]). Here, the evidence at the dispositional hearing established, by a preponderance of the evidence, that it was in the subject children's best interests to terminate the mother's parental rights and free them for adoption by their foster parents, who expressed a desire to adopt them (*see Matter of Vaughn M.S. [Patricia C.S.]*, 144 AD3d 811 [2d Dept 2016]; *Matter of Phoenix D.A. [Jessie A.]*, 143 AD3d at 702). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.