■ In the Matter of the P. CHILDREN. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; SHERRY P., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a dispositional order of the Family Court, Kings County (Palmer, J.), dated April 9, 1990, which, upon a fact-finding order of the same court, dated February 9, 1990, determining that her three children were abused, after a hearing, placed the children with the Commissioner of Social Services of the City of New York for one year.

Ordered that the order is affirmed, without costs or disbursements.

It is undisputed that the petitioner made out a prima facie case of abuse by establishing that the appellant mother's two-year-old daughter, Janiqua had contracted gonorrhea. Once a prima facie case was established by the petitioner, the burden of going forward shifted to the parent or person responsible for Janiqua to offer a satisfactory explanation for the occurrence of the injuries *(see, Matter of Jesse S.,* 152 AD2d 581; *Matter of Marcus S.,* 123 AD2d 702; *see also, Matter of Jacinta J.,* 140 AD2d 990). In this case, the mother did not offer a satisfactory explanation to rebut the petitioner's evidence, which included, *inter alia,* the injury to Janiqua and the mother's own positive test results for gonorrhea. Consequently, we find that the Family Court could properly find that the mother's conduct either caused or contributed to the abuse of Janiqua and endangered the other children *(see,* Family Ct Act § 1012 [g]; *Matter of Jacinta J., supra).* Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.