■ In the Matter of F. CHILDREN, Alleged to be Abused and Neglected. REBECCA F., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent.—Order of disposition, Family Court, New York County (Bruce M. Kaplan, F.C.J.) entered May 10, 1990, which, inter alia, continued the placement of respondent's daughters C., M., L. and R. in foster care for a period of up to 12 months, following a fact-finding determination that respondent failed to prevent the sexual abuse and excessive corporal punishment inflicted on her children by respondent William G., unanimously affirmed, without costs.

A prima facie case of abuse and neglect can be made out based on physical evidence even if the evidence is insufficient to support a finding that the particular parent had actual knowledge of the abuse. (Matter of Tania J., 147 AD2d 252.) Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect. (Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 118, rearg denied sub nom. Matter of Francis Charles W., 71 NY2d 890.) "As amended, section 1046 (a) (vi) states a broad and flexible rule providing that out-of-court statements may be corroborated by '[a]ny other evidence tending to support' their reliability (L 1985, ch 724)." The Family Court Judge before whom the matter is pending has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated. (71 NY2d 112, 118, supra.) In Matter of Nicole V. (supra), the Court specifically approved of the use of expert testimony which establishes or diagnoses sexually abused child syndrome, to coroborate the out-of-court statements of the child victim.

The physical evidence of injuries (Matter of Tania J., 147 AD2d 252, 259, supra), coupled with the properly corroborated out-of-court statements of the children C. and R. (Matter of Nicole V., 71 NY2d 112, 118, rearg denied sub nom. Matter of Francis Charles W., 71 NY2d 890, supra), were sufficient to establish a prima facie case of sexual abuse and neglect

against respondent. That prima facie evidence was unrebutted, and respondent, although present, apparently took no interest in the dispositional proceedings. Therefore, no basis exists to disturb either the fact-finding determination or the dispositional order.

We have considered respondent's other argument and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.