■ In the Matter of LAUREN B. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON B., Respondent; LARRY B., Appellant. (Matter No. 1.) In the Matter of MATTHEW B. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON B., Respondent; LARRY B., Appellant. (Matter No. 2.) [607 NYS2d 77] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from two dispositional orders (one as to each child) of the Family Court, Queens County (Schindler, J.), both dated April 20, 1990, which, upon fact-finding orders of the same court, both dated January 19, 1990, determining that the appellant's children Lauren B. and Matthew B. were abused, placed the children with the New York City Commissioner of Social Services for one year. The appeal brings up for review the fact-finding orders dated January 19, 1990.

Ordered that the order of disposition with respect to Matthew B. is modified, by deleting all provisions referring to Matthew B. as an abused child and substituting therefor provisions adjudicating him to be a neglected child within the meaning of Family Court Act § 1012 (f) (i); as so modified, that order is affirmed, without costs or disbursements; and it is further,

Ordered that the fact-finding order with respect to Matthew B. is modified accordingly; and it is further,

Ordered that the order of disposition with respect to Lauren B. is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established by a preponderance of the evidence that Lauren B. was an abused child within the meaning of Family Court Act § 1012 (e) (iii). Her out-of-court statements regarding the abuse were corroborated by medical evidence (see, Matter of Estina W., 181 AD2d 554; Matter of Dutchess County Dept. of Social Servs. [Kerri K.], 135 AD2d 631). Even assuming that the father was not the perpetrator, proof that Lauren was subjected to sexual abuse while in his custody was sufficient to establish a prima facie case of abuse against him (see, Family Ct Act § 1046 [a] [ii]; Matter of F. Children, 178 AD2d 246; Matter of Tania J., 147 AD2d 252). Once the agency established a prima facie case, the burden shifted to the father to offer a satisfactory explanation to rebut the evidence (see, Matter of P. Children, 172 AD2d 839; Matter of Jesse S., 152

AD2d 581). The father failed to offer any explanation for Lauren's condition. We find that the agency established by a preponderance of the evidence that he either was aware of or reasonably should have been aware of the abuse and failed to protect Lauren *(see, e.g., Matter of Sara X.,* 122 AD2d 795; *Matter of Katherine C.,* 122 Misc 2d 276).

We find that the agency failed to establish by a preponderance of the evidence that Matthew was an abused child, as no evidence was offered to corroborate his out-of-court statements or to establish that the father knew or reasonably should have known of any abuse. Nevertheless, under the circumstances of this case, we find that the evidence was sufficient to support a finding of derivative neglect of Matthew within the meaning of Family Court Act § 1012 (f) (i) *(see, e.g., Matter of Dutchess County Dept. of Social Servs. v Douglas E.,* 191 AD2d 694; *Matter of Suffolk County Dept. of Social Servs. v James M.,* 188 AD2d 603; *Matter of Lynelle W.,* 177 AD2d 1008; Family Ct Act § 1046 [a] [i]; *cf., Matter of Anita U.,* 185 AD2d 378). Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.