■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of JESSICA D. and Others, Children Alleged to be Abused,

Respondent, v MAUREEN D., Appellant. [640 NYS2d 770] —In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Pearce, J.), dated February 7, 1990, which upon a fact-finding order of the same court dated November 6, 1989, made after a hearing, finding that the appellant had abused her children, directed that they be placed with the Commissioner of Social Services for a period of 12 months. The appeal brings up for review the fact-finding order dated November 6, 1989.

Ordered that the appeal from so much of the order of disposition as placed the children in the care of the Commissioner of Social Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that, on the appeal from the order of disposition, the fact-finding order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order of disposition is otherwise dismissed, without costs or disbursements.

The appeal from the order of disposition must be dismissed as academic because the one-year placement period has expired and no appeal has been taken from a subsequent order extending placement (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of Angelina E.,* 213 AD2d 346; *Matter of Tanya M.,* 207 AD2d 656; *Matter of Byron A.,* 112 AD2d 30).

However, the underlying finding of abuse is a permanent and significant stigma, and it might indirectly affect the appellant's status in potential future proceedings. Therefore, the issue of whether the appellant abused her children is not academic (*see, Matter of H. Children,* 156 AD2d 520).

Contrary to the appellant's contention, the petitioner proved by a preponderance of the evidence that the children had been abused within the meaning of Family Court Act § 1046 (*see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Lauren B.,* 200 AD2d 740; *Matter of Dutchess County [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.