■ In the Matter of MAGNOLIA A., a Child Alleged to be Neglected and/or Abused. JOSEPHINA D. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [707 NYS2d 176] —Order, Family Court, Bronx County (Robert Torres, J.), entered on or about June 8, 1999, dismissing a child abuse and neglect petition against respondent mother and respondent grandmother at the close of petitioner's direct case at a hearing, unanimously reversed, on the law and the facts, without costs, the petition reinstated, and the matter remanded for a new hearing.

The Administration for Children's Services commenced this child abuse and neglect proceeding against respondent mother Josephina D. and respondent maternal grandmother Flora D., pursuant to Family Court Act article 10, after the five-year-old child Magnolia A. was diagnosed with gonorrhea.

At the close of petitioner's case, respondents moved to dismiss for failure to make out a prima facie case. The motion was opposed by petitioner and the child's law guardian. The Family Court granted the motion, on the grounds that there was no evidence that the respondents knew they were exposing the child to such a risk. The mother's efforts to get medical treatment for her daughter were not the behavior of someone

who deliberately ignored a known risk that her child would be sexually abused. If the level of proof presented by petitioner were considered sufficient, the court reasoned, every parent of a sexually abused child would be automatically deemed neglectful.

Under Family Court Act § 1012 (e) (iii), an abused child is one whose parent or legal guardian commits, or allows to be committed, a sex offense against the child. Section 1046 (a) (ii) provides that a prima facie case of abuse may be established by evidence of an injury which would ordinarily not occur absent an act or omission of the respondents, and which occurred when the respondents were the child's caretakers.

Contrary to the Family Court's belief, unexplained evidence that a young child suffers from a sexually-transmitted disease suffices to establish a prima facie case of child abuse (*Matter of Yazalin P.*, 256 AD2d 55). Furthermore, physical evidence can establish a prima facie case of abuse and neglect even if the evidence is insufficient to support a finding that the respondent parent had actual knowledge of the abuse (*Matter of F. Children*, 178 AD2d 246).

Under this standard, petitioner made out a prima facie case that Magnolia was abused, as there was no dispute that she had contracted gonorrhea. The burden of proof then shifted to respondents to provide a reasonable and adequate explanation of her injuries (*Matter of Philip M.*, 82 NY2d 238, 243). The Family Court apparently believed that finding a prima facie case was tantamount to holding respondents accountable for abuse and neglect, but this is not the law (*supra*, at 244). The evidence of infection simply created a rebuttable presumption that respondents were responsible.

So far, no admissible evidence of an alternative explanation has been offered. The entire account of Magnolia's visit to the Dominican Republic and her treatment by doctors there was gleaned from hearsay: through other witnesses' repetition of respondent mother's unsworn and uncorroborated out-of-court statements. Because the Family Court erroneously terminated the proceeding at the close of petitioner's case, the petition must be reinstated and a new hearing must be held (*Matter of Shawniece E.*, 110 AD2d 900). Concur—Rosenberger, J. P., Ellerin, Rubin and Friedman, JJ.