*856 OPINION OF THE COURT
W. Dennis Duggan, J.
The issue in this case is whether the res ipsa loquitur presumption contained in Family Court Act § 1046 (a) (ii) can be applied to find that a mother, whom the Albany County Department for Children, Youth and Families concedes did not infect her daughter with gonorrhea, is guilty of abuse. The court holds that the res ipsa presumption cannot be extended to presume accessorial conduct and hence support a finding of abuse.
In this case, the parents are charged with physically abusing their daughter when the child was about three years old. At the close of the petitioner’s case, the respondent mother moved to dismiss the petition based upon a failure of the proof as to the claims against her. The court grants this motion.
The child became infected with gonorrhea. Both of her parents tested positive for gonorrhea and all other suspects tested negative. According to the petition, the mother was unable to provide an explanation as to how her child was infected but she did offer some possible suspects. She has denied infecting her child.
In arguing that the mother should be found guilty of child abuse, the Department relies upon the legal principle of res ipsa loquitur as contained in Family Court Act § 1046 (a) (ii). That section, in relevant part, reads as follows: “[P]roof of . . . the condition of a child of such a nature as would ordinarily not . . . exist except by reason of the acts or omissions of the parent . . . shall be prima facie evidence of child abuse or neglect” (Family Ct Act § 1046 [a] [ii] [emphasis added]).
The Department concedes that its theory of the case is that the father was the transmitter of the disease and not the mother. In fact, their expert witness, Dr. Irene N. Sills, established through her testimony, beyond a reasonable doubt, that the mother was not the transmitter of the disease. She testified as to the unlikeliness of an adult female transmitting the disease to a three-year-old child in a sexual manner. She also established that gonorrhea was a “fastidious” organism that lived outside the mucosa of its host for only a few seconds. Accordingly, it would be extremely unlikely for the disease to be transmitted accidentally or intentionally, such as if the infected person touched herself during urination (or even mutual masturbation) and then touched the child. Dr. Sills also testified that the *857 overwhelming number of perpetrators of sexual abuse of the type alleged in this case are male. In fact, she had never encountered a gonorrhea transmission by an adult female to a prepubescent female. The court fully credits Dr. Sill’s testimony and, based on this testimony, from the agency’s own witness, the res ipsa presumption has been extinguished as to the mother.
In New York law, presumptions come in all shapes and sizes. There are presumptions of law and of fact. There are irrebuttable and rebuttable presumptions. Often these terms are used interchangeably and imprecisely. They are often commingled and confused with the terms “prima facie case,” “prima facie evidence” and “burden of proof.” An example of a presumption of law would be Vehicle and Traffic Law § 388, which presumes that the driver of a vehicle has permission to do so from the owner. An irrebuttable or conclusive presumption is really a rule of substantive law expressed as a rule of evidence. For example, under the common law, a child under seven was presumed incapable of committing a crime because of a lack of understanding. So, even a genius child under the age of seven could not be prosecuted. A presumption of fact is a rule of evidence permitting some particular inference to be drawn. The effect of a presumption of fact, as it applies to this case, is to establish a prima facie case that gets the ultimate issue to the trier of fact. However, once there is evidence introduced to negate the presumption, “the presumption disappears.” (Prince, Richardson on Evidence § 3-104, at 56 [Farrell 11th ed].)
The Court of Appeals, in Matter of Powers v Powers (86 NY2d 63 [1995]), wrestled with the distinctions between the terms “burden of proof,” “presumption,” and “prima facie case,” as they applied to Family Court Act § 454 (3) (a). That section provides that the failure to pay support “ constitute[s] prima facie evidence of a willful violation” (Family Ct Act § 454 [3] [a]). The Court held that once the petitioner proves that court ordered child support has not been paid, the burden of going forward shifts to the respondent to offer evidence on the issue of nonwillfulness. The Court of Appeals held that the trial court’s use of the word “presumption,” though imprecise, did not alter the fact that the case had been correctly analyzed and decided.
To say that this is a confusing area of the law is an understatement of presumptively large dimensions. Chief Judge Kaye, in the Powers decision, notes that 2 McCormick, Evidence (§ 342 *858 at 449) describes it as “the slipperiest member of the family of legal terms.” (Powers at 69.)
The issue becomes even more confusing because there is no easy way to maintain the thin distinctions when discussing burdens of proof, burdens of going forward, burden shifting, presumptions, prima facie case and prima facie evidence. Notably, Family Court Act § 1046 (a) (ii) talks of prima facie evidence not a prima facie case, which are not synonymous terms.
So, it all boils down to this: Family Court Act § 1046 (a) (ii) establishes as law a presumption of fact. When the underlying injury or condition is proven, and it is also proven that it is of a type that does not ordinarily occur absent parental abuse or neglect, this constitutes prima facie evidence of child abuse against the parent. Since child abuse is the ultimate issue in the case, it necessarily makes out a prima facie case of child abuse.
In this trial, the testimony of Dr. Sills, along with the other evidence produced by the agency, has extinguished the factual basis of the prima facie evidence presumption permitted by section 1046. Because the court finds that the Department has failed to sustain its burden of proving abuse by the mother by a preponderance of the evidence, there is no burden of going forward that shifts to the respondent and the petition must be dismissed.
The Department argues, however, that the res ipsa presumption should still apply to the mother, requiring the court to find her guilty of abuse or neglect by some theory of omission, facilitation or accessorial conduct. While in the criminal law and in general tort law there is no duty to rescue, a parent can be charged with neglect or abuse on a failure to protect theory. However, the court does not read the res ipsa section, at least in this case, to logically or legally extend to situations that would implicate a person based on a theory of facilitation, accessorial conduct or a failure to protect. Even if it did, the proof on the issue of the mother’s neglect or abuse is deficient in all respects, applying whatever theory does or could be applied.
Dr. Sills testified that the normal incubation period, from infection to manifestation of gonorrhea, is anywhere from two to seven days. Dr. Sills was not able to say when the child was infected. When she examined the child, two days after the child was first examined and treated at the hospital, the child had no vaginal discharge. Accordingly, she was unable to render any opinion as to when the child was infected.
*859 The Department offered no time line which places the child exclusively and conclusively in the care of the parents during the time when the child became infected. The obvious reason for this is that there is no evidence as to when or where the child was infected. However, it is worth pointing out that it was the mother who took the child to the hospital upon first noticing a vaginal discharge and she was cooperative with the Department and the medical providers throughout these proceedings.
The only possible way that the mother could be found guilty of abuse or neglect in this case would be (1) if the mother actually infected her daughter in a sexual manner; (2) if there was proof that the mother, acting essentially as a codefendant, actually took part in a sexual assault on the child carried out by another person infected with gonorrhea; (3) if the mother, though not an active participant, was complicit as a bystander and did nothing to remove her daughter from the occasion of danger; or (4) if the mother was aware that someone in whose care she left the child was infected with gonorrhea and a risk of sexual abuse was likely. There is no evidence in this case to prove any of these theories by a preponderance of the evidence. More importantly, there is no evidence in the record to prove any of these theories by any standard of proof from a scintilla to beyond a reasonable doubt.
Regarding the res ipsa claim, an analogy will help. Say, for example, that a 13-year-old female becomes pregnant and DNA tests show that the father impregnated his daughter. The Department files abuse petitions against the parents and relies on res ipsa. It would be clear in this example, as the Department argues in this case, that the father was the perpetrator. However, how would one conclude, based only on the section 1046 presumption, that the mother was also guilty of abuse? Children are abused by parents under many circumstances and most often in secret. It would be the infrequent case when both parents are both active sexual perpetrators.
It is clear, from a plain and commonsense reading of section 1046 (a) (ii) that it is the primary, active neglect or abuse that may be presumed from an injury or condition that does not ordinarily occur unless by the acts or omissions of a parent. In other words, children are sexually abused all the time without a second parent being involved — either as a direct perpetrator, a condoner or by failing to protect. When a child becomes pregnant it is obvious that the child has been abused. However, it is neither obvious, nor ordinary, that the child’s mother is *860 also an abuser. Because the proof in this case produced by the agency proves that the mother did not infect her child and there was no proof that she was an accessory, the “ordinarily occurs” aspect of the fact presumption permitted by section 1046 has disappeared. Just as children are not “ordinarily” impregnated by a mother, in this case the child has not been “ordinarily” infected by her mother. In short, the Department needed more proof beyond the res ipsa presumption.
Matter of Magnolia A. (272 AD2d 115 [2000]) is not contrary to this holding. In Magnolia A., the facts are not clearly stated but reading between the lines it appears that this was the situation. A child contracted gonorrhea and the agency charged the grandmother and mother (neither of whom had gonorrhea) with abuse and neglect. Apparently the child had traveled to the Dominican Republic where she contracted the disease. However, no facts are stated as to how the child became infected. The appellate court held that it was improper to dismiss the petition at the close of the agency’s proof for the failure to make out a prima facie case. However, this case contains no analyses of the section 1046 presumption and also misstates the burden of proof holding set forth in Matter of Philip M. (82 NY2d 238 [1993]).
The appellate court in Magnolia A. held that, after the section 1046 presumption was applied, “[t]he burden of proof then shifted to respondents to provide a reasonable and adequate explanation of her injuries” (Magnolia A. at 116). However, the Philip M. rule is contrary.
“But contrary to the statement of the Appellate Division, the burden of proving child abuse always rests with the petitioner; [s]hifting the burden of explanation or of going on with the case does not shift the burden of proof . . . While the fact finder may find respondents accountable for sexually abusing a child or allowing sexual abuse to occur after a prima facie case is established, it is never required to do so. Once a prima facie case has been established, respondents may simply rest without attempting to rebut the presumption and permit the court to decide the case on the strength of petitioner’s evidence” (Philip M. at 244 [citations and internal quotation marks omitted; emphasis added]).
In this case, the court is not dismissing for a failure to make out a prima facie case but for a failure of the agency to meet its burden of proof. The reason that the court holds that the agency cannot rely entirely on the presumption is that a child does not *861 “ordinarily” contract gonorrhea from a person who was not, according to the expert testimony, able to transmit it.
This case is only one step removed from the rape example— where only a male could be the primary perpetrator. The Department’s evidence clearly establishes that the mother is not the primary perpetrator of the abuse that caused the child’s infection. The res ipsa provision cannot and does not provide the missing link to establish abuse or neglect by omission and neither does the other evidence produced by the agency. Accordingly, the petition against the mother must be dismissed.