▧ In the Matter of FANTAYSIA L., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARGUERITE S. et al., Appellants, et al., Respondents. [828 NYS2d 497]—

In a child protective proceeding pursuant to Family Court Act article 10, the father Michael L., and the paternal grandmother Marguerite S., separately appeal, as limited by their briefs, from so much of an order of disposition of the Family Court, Kings County (Danoff, J.), dated October 7, 2005, as, upon a fact-finding order dated August 12, 2004 (Turbow, J.), made after a hearing, finding that the subject child was abused, placed the subject child in the custody of the maternal grandparents for a period of six months. The appeals bring up for review so much of the fact-finding order as found that the appellants abused the subject child by permitting a sex offense to be committed against her.

Ordered that the appeals from so much of the order of disposition as placed the child in the custody of the maternal grandparents for a period of six months are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the order of disposition as placed the child in the custody of the maternal grandparents for a period of six months must be dismissed as academic, as the period of placement expired by its own terms (*see Matter of Jessica DiB.,* 6 AD3d 533 [2004]; *Matter of Garth S.,* 309 AD2d 940, 941 [2003]). However, the appeals insofar as they relate to the finding that the subject child was abused are not academic, since a finding of abuse constitutes a permanent and significant stigma from which future consequences may flow (*see Matter of Jessica*

*DiB., supra* at 534; *Matter of B. Children*, 267 AD2d 307, 307-308).

Under Family Court Act § 1012 (e) (iii), an abused child is one whose parent or legal guardian commits, or allows to be committed, a sex offense against the child. Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of an injury which ordinarily would not occur absent an act or omission of "the parent or other person responsible for the care of such child," and which occurs at a time when that person was the caretaker of the child (*see Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Aniyah F.*, 13 AD3d 529, 530 [2004]). "[A]pplication of the statute . . . authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur," and "once a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to the respondents [the appellants herein] to rebut the evidence of parental culpability" (*see Matter of Philip M., supra* at 244).

Contrary to the appellants' contention, the Family Court's determination that they permitted the child to be abused while the child was under their care and supervision had a sound and substantial basis in the record. It was undisputed that the child, then 3¹/₂ years old, who had contracted gonorrhea, had been sexually abused (*id.* at 243). The evidence was inconclusive as to the identity of the individual who abused the child. Due to joint custody arrangements, the child resided with her mother and stepfather, and visited her father who lived with his mother and her three adopted teenage children. Thus, the child moved back and forth between the mother's household and the father's household. Under these circumstances, the Family Court properly concluded that a prima facie case of sexual abuse was established against both the appellants on the one hand, and the mother and the child's stepfather on the other (*see Matter of Ashley RR.*, 30 AD3d 699 [2006]; *Matter of Magnolia A.*, 272 AD2d 115, 116 [2000]; *Matter of Lauren B.*, 200 AD2d 740 [1994]). That the evidence showed that the child could have contracted the disease in either household neither defeated the petitioner's prima facie case nor precluded application of the doctrine of res ipsa loquitur (*see Matter of Ashley RR., supra*).

Once a prima facie case was established, the burden of going forward shifted to the appellants to rebut the evidence of parental culpability (*see Matter of Philip M., supra* at 244). Here, the appellants failed to rebut the prima facie case of abuse (*id.; see Matter of Lauren B., supra*).

The appellants' remaining contentions are without merit. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.