In the Matter of JAIDEN T.G., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. SHAVONNA D.-F. et al., Respondents. [934 NYS2d 420]—

A petition was filed against the mother and the mother's paramour, Joseph T., alleging, inter alia, that the subject child was an abused child in that he had been admitted to the hospital

and diagnosed with a "greenstick fracture" of the right arm, and that the mother offered multiple and inconsistent possible explanations for the injury. After a hearing, the Family Court dismissed the petition against the mother, finding, among other things, that the mother had rebutted the petitioner's case of abuse by establishing that Joseph T. had inflicted the injury in her absence.

Section 1046 (a) (ii) of the Family Court Act provides that in any hearing under article 10 of that act "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible" (Family Ct Act § 1046 [a] [ii]).

The statute permits a finding of abuse based upon evidence of an injury to a child which would ordinarily not occur absent acts or omissions of the responsible caretaker, and authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur (see Matter of Philip M., 82 NY2d 238, 244 [1993]). "[O]nce a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability"; however, "the burden of proving child abuse always rests with petitioner" (id. at 244). Once a prima facie case is established, there is a rebuttable presumption of parental culpability, which the Family Court may or may not accept based upon all the evidence in the record (id. at 246). In response to a prima facie case, a respondent may rest, or may challenge the establishment of the prima facie case by presenting evidence, for example, that the child was not in the respondent's care at the time of the injury or that the injury could reasonably have occurred accidentally, or by countering evidence of the child's condition (id. at 245).

Here, the petitioner established a prima facie case of abuse by presenting evidence that the subject child, who was four months old at the time, suffered a greenstick fracture, that a child of that age and physical ability would not normally sustain such a fracture accidentally, and that the mother's explanation, that the child may have suffered the injury due to a fall from a bed days earlier, was inconsistent with the injury sustained. However, the mother rebutted the presumption of parental abuse with evidence, which was credited by the Family Court, that the child was solely in the care of her paramour at the time

of the injury. Accordingly, the Family Court properly dismissed the petition insofar as asserted against the mother (*see Matter of Alanie H. [Crystal D.]*, 69 AD3d 722 [2010]; *Matter of Marquise W.*, 269 AD2d 400 [2000]). Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.