■ In the Matter of ALIYAH G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ARLENIE G. et al., Respondents. (Proceeding No. 1.) In the Matter of ISHMAEL G., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ARLENIE G. et al., Respondents. (Proceeding No. 2.) [942 NYS2d 903]—

In related child abuse and neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Danoff, J.), dated May

13, 2011, which, upon a decision of the same court, also dated May 13, 2011, made after a fact-finding hearing, dismissed the petitions.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a notice of appeal from the order dated May 13, 2011 (see CPLR 5512 [a]); and it is further,

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, it is found that the respondents, Arlenie G. and Ishmael G., Sr., abused and neglected the child Aliyah G., and derivatively abused and neglected the child Ishmael G., Jr., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing in accordance herewith and a disposition thereafter.

Article 10 of the Family Court Act defines an "abused child" as "a child under the age of 18 whose parent or other person legally responsible for the child's care 'commits, or allows to be committed, a sex offense against such child' " (Matter of Philip M., 82 NY2d 238, 243 [1993], quoting Family Ct Act § 1012 [e] [iii]). A prima facie case of child abuse or neglect may be established by evidence of an injury to a child which ordinarily would not occur absent an act or omission of the responsible caretaker (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d at 243; Matter of Fantaysia L., 36 AD3d 813, 814 [2007]; Matter of Magnolia A., 272 AD2d 115, 116 [2000]). The Family Court Act "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur," and "once a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability" (Matter of Philip M., 82 NY2d at 244; see Matter of Fantaysia L., 36 AD3d at 814). However, "the burden of proving child abuse always rests with petitioner" (Matter of Philip M., 82 NY2d at 244).

Here, contrary to the Family Court's determination, the petitioner sustained its burden of proof by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]) that the child Aliyah G. was an abused child. The medical evidence presented by the petitioner established that Aliyah G., then three years old, had contracted gonorrhea while under the care and supervision of the respondents. "[U]nexplained evidence that a young child suffers from a sexually-transmitted disease suffices to establish a prima facie case of child abuse" (Matter of Magnolia A., 272 AD2d at 116; see Matter of Philip M., 82 NY2d at 243; Matter of Lauren B., 200 AD2d 740, 740 [1994]; Matter of P. Children, 172 AD2d 839 [1991]; Matter of Tania J., 147 AD2d 252, 259 [1989]).

Once the petitioner established a prima facie case, the burden shifted to the respondents to rebut the evidence of parental culpability (*see Matter of Fantaysia L.*, 36 AD3d at 814; *Matter of Lauren B.*, 200 AD2d at 740; *Matter of P. Children*, 172 AD2d at 839). The respondents failed to rebut the petitioner's prima facie case of abuse (*see Matter of Fantaysia L.*, 36 AD3d at 814; *Matter of Lauren B.*, 200 AD2d at 740).

Further, a preponderance of the credible evidence supports a finding that the respondents neglected Aliyah G. (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Tristan R.*, 63 AD3d 1075, 1078 [2009]). Finally, the proof of abuse and neglect by the respondents of Aliyah G. was sufficient to establish that the respondents derivatively abused and neglected the child's sibling, Ishmael G., Jr. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Tristan R.*, 63 AD3d at 1078; *Matter of Astrid C.*, 43 AD3d 819, 821 [2007]; *Matter of Kristina R.*, 21 AD3d 560, 562 [2005]).

Accordingly, we reinstate the petitions and remit the matter to the Family Court, Kings County, for a dispositional hearing and a disposition thereafter. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.