In the Matter of SHADE B., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENZIL B. et al., Appellants. [953 NYS2d 126]—

Family Court Act article 10 defines an "abused child" as "a child under the age of 18 whose parent or other person legally responsible for the child's care 'commits, or allows to be committed, a sex offense against such child' " (*Matter of Philip M.*, 82 NY2d 238, 243 [1993], quoting Family Ct Act § 1012 [e] [iii]). A prima facie case of child abuse or neglect may be established by evidence of an injury to a child which ordinarily would not occur absent an act or omission of the responsible caretaker (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d at 243; *Matter of Fantaysia L.*, 36 AD3d 813, 814 [2007]; *Matter of Magnolia A.*, 272 AD2d 115, 116 [2000]). The Family Court Act "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur," and "once a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability" (*Matter of Philip M.*, 82 NY2d at 244; *see Matter of Fantaysia L.*, 36 AD3d at 814). However, "the burden of proving child abuse always rests with petitioner" (*Matter of Philip M.*, 82 NY2d at 244).

Here, the petitioner sustained its burden of proving by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that the child was abused. The medical evidence presented by the petitioner established that the child, then $4^{1}/_{2}$ years old, contracted gonorrhea while under the care and supervision of the father and mother. "[U]nexplained evidence that a young child suffers from a sexually-transmitted disease suffices to establish a prima facie case of child abuse" (*Matter of Magnolia A.*, 272 AD2d at 116; *see Matter of Philip M.*, 82 NY2d at 243; *Matter of Lauren B.*, 200 AD2d 740, 740 [1994]; *Matter of P. Children*, 172 AD2d 839 [1991]; *Matter of Tania J.*, 147 AD2d 252, 259 [1989]). Expert testimony at the hearing established that a vaginal culture, such as the one performed on the child, was the diagnostic "gold standard" and did not yield false positives. Moreover, during counseling sessions, the child described being touched on her private parts by a "ghost" and identified her father as the one who committed the abuse. According to hearing testimony and clinical notes, the child also became very anxious during one of her sessions, stating that her mother told her she would not be able to go home if she talked about who gave her the "boo-boo" and pointed to her vagina.

Once the petitioner established a prima facie case, the burden shifted to the parents to rebut the evidence of parental culpability (*see Matter of Fantaysia L.*, 36 AD3d at 814; *Matter of Lauren B.*, 200 AD2d at 740; *Matter of P. Children*, 172 AD2d at 839). Here, the parents failed to rebut the petitioner's prima facie

case of abuse (*see Matter of Fantaysia L.*, 36 AD3d at 814; *Matter of Lauren B.*, 200 AD2d at 740).

Likewise, a preponderance of the credible evidence supports a finding that the parents neglected the subject child (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Tristan R.*, 63 AD3d 1075, 1078 [2009]).

The parents' remaining contentions are either unpreserved for appellate review or without merit. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.