*642 In two related child protective proceedings pursuant to Family Court Act article 10, Stacy C. and Syvonne C., the mother and the aunt, respectively, of the child Amarleya R, appeal from (1) an order of the Family Court, Kings County (Ambrosio, J.), dated April 13, 2011, and (2) an order of fact-finding of the same court entered July 8, 2011, which, after a hearing, found that they had abused Amarleya B., and that Syvonne C. had derivatively abused her biological child, Amoya S.
Ordered that the appeal from the order dated April 13, 2011, is dismissed, without costs or disbursements, as that order was superseded by the order of fact-finding; and it is further,
Ordered that the order of fact-finding is modified, on the law, by deleting the provision thereof finding that Syvonne C. derivatively abused her biological child, Amoya S.; as so modified, the order of fact-finding is affirmed, without costs or disbursements.
The petitioner established a prima facie case of abuse against the appellants by introducing evidence demonstrating that, while in their care, the child Amarleya B. suffered an injury that would not ordinarily occur absent an act or omission of the appellants (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). Thus, the burden of going forward shifted to the appellants to rebut the evidence of culpability (see Matter of Philip M., 82 NY2d at 244; Matter of Aliyah G. [Arlenie G.], 95 AD3d 885, 887 [2012]; Matter of Fantaysia L., 36 AD3d 813, 814 [2007]). The appellants failed to rebut the prima facie case of abuse (see Matter of Aliyah G. [Arlenie G.], 95 AD3d at 887; Matter of Fantaysia L., 36 AD3d at 814). Accordingly, the finding of abuse was supported by a preponderance of the evidence.
However, the Family Court erred in finding that Syvonne C. derivatively abused her biological child, Amoya S. The evidence that Amarleya B. was sexually abused, standing alone, was insufficient to support a finding that Amoya S. was derivatively abused (see Matter of Abigail S., 21 AD3d 380, 381 [2005]; Matter of Starr H., 156 AD2d 1025, 1026 [1989]).
Under the circumstances of this case, the Family Court providently exercised its discretion in declining to compel Amarleya B. to testify either in open court or in camera (see Matter of Imman H., 49 AD3d 879, 880-881 [2008]; Matter of Christopher L., 19 AD3d 597, 598 [2005]).
The appellants’ remaining contentions either are without merit or have been rendered academic. Rivera, J.E, Angiolillo, Chambers and Roman, JJ, concur.