In three related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of fact-finding and disposition of the Family Court, Richmond County (Wolff, J.), dated July 19, 2012, as, after a hearing, found that the mother did not abuse the child Sincerity T.-C. and did not derivatively abuse the children David T.-C. and Sincere T.-C.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On or about November 23, 2009, two-month-old Sincerity T.C. died while in the care of her mother after having sustained a head injury. In March 2010, the petitioner commenced these proceedings alleging that the mother abused and neglected Sincerity and derivatively abused and neglected her twin sons, David T.C. and Sincere T.C., who were 15 months old at the time of Sincerity’s death. After a fact-finding hearing, the Family Court determined that the petitioner failed to prove by a preponderance of the evidence that the mother abused Sincerity and therefore dismissed the abuse and derivative abuse allegations. The court determined, however, that the mother neglected her three children. As a result, it placed the David and Sincere in the petitioner’s custody pending completion of a permanency hearing. The petitioner now appeals from so much of the order of fact-finding and disposition as dismissed the abuse and derivative abuse allegations.
The Family Court Act defines an “[ajbused child,” inter alia, as “a child less than eighteen years of age whose parent or *1085 other person legally responsible for his [or her] care (i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death [or] . . . (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death” (Family Ct Act § 1012 [e] [i], [ii]). The petitioner may establish a prima facie case of abuse through a method of proof “closely analogous to the negligence rule of res ipsa loquitur” (Matter of Philip M., 82 NY2d 238, 244 [1993]; see Family Ct Act § 1046 [a] [ii]; Matter of Jaiden T.G. [Shavonna D.F.], 89 AD3d 1021 [2011]; Matter of Fantaysia L., 36 AD3d 813, 814 [2007]; Matter of Benjamin L., 9 AD3d 153, 155 [2004]). If the petitioner establishes a prima facie case of abuse, “the burden of going forward shifts to respondents to rebut the evidence of parental culpability,” although the burden of proof always remains with the petitioner (Matter of Philip M., 82 NY2d at 244; see Matter of Aliyah G. [Arlenle G.], 95 AD3d 885, 886 [2012]; Matter of Fantaysia L., 36 AD3d at 814; Matter of Benjamin L., 9 AD3d at 155).
The Family Court’s assessment of witnesses’ credibility is accorded deference and will not be disturbed unless clearly unsupported by the record (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Candacy C. [Clairmonte C.], 96 AD3d 836, 837 [2012]; Matter of Arianna L., 55 AD3d 733 [2008]). Where there is conflicting testimony and the matter primarily turns on an assessment of witnesses’ credibility, we accord great weight to the Family Court’s factual findings (see Matter of Kyanna T [Winston R.], 99 AD3d 1011, 1013 [2012]; Matter of Taylor T [Darren T.], 73 AD3d 1075 [2010]; Matter of Jose I., 13 AD3d 446, 447 [2004]; Matter of Cassandra C., 300 AD2d 303 [2002]).
The petitioner’s expert witness, who was board-certified in pediatrics and child abuse pediatrics, reviewed the autopsy reports and the petitioner’s case notes. He testified that Sincerity, in the 24 hours prior to her death, during which time she was in the exclusive care of the mother, suffered a brain contusion that required a “tremendous” amount of force to inflict. The pediatrician explained that he concluded that Sincerity sustained the brain contusion within 24 hours of her death based on the autopsy report’s reference to the injury as containing “fresh, new blood.”
The mother’s expert witness, the forensic pathologist who conducted the autopsy on Sincerity’s body, testified that based upon a microscopic examination of the brain injury, Sincerity sustained the brain injury a few days to one week prior to her *1086 death. Notably, the petitioner did not present evidence establishing that Sincerity was exclusively in the mother’s care for a period of time greater than 24 hours before her death. Moreover, the forensic pathologist testified that she could not determine whether Sincerity died from blunt force trauma to the head or by accidental asphyxiation caused by being placed to sleep on her side and wrapped in a blanket on the mother’s futon.
The Family Court, crediting the mother’s expert witness, found, among other things, that the mother did not abuse Sincerity and did not derivatively abuse Sincerity’s siblings, David and Sincere.
As the mother and the attorney for the children correctly concede on appeal, the petitioner established a prima facie case of abuse (see Family Ct Act § 1046 [a] [ii]; [b] [i]; Matter of Philip M., 82 NY2d at 243-244; Matter of Jaiden T.G. [Shavonna D.F.], 89 AD3d at 1022). Contrary to the petitioner’s contention, the mother presented sufficient evidence to rebut the petitioner’s case, through the testimony of her expert witness, indicating that Sincerity sustained the brain injury at a time when the petitioner had not established that she was in the exclusive care of the mother, and opining that Sincerity’s death could have resulted from accidental asphyxiation. Thus, the petitioner failed to establish, by a preponderance of the evidence, that the mother abused Sincerity and derivatively abused David and Sincere (see Matter of Tyler S. [Melissa J.], 103 AD3d 731 [2013]; Matter of Jaiden T.G. [Shavonna D.F.], 89 AD3d at 1022-1023; Matter of Alanie H. [Crystal D.], 69 AD 3d 722 [2010]). Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.