In three related child protective proceedings pursuant to Family Court Act article 10, the father and the paternal grandmother separately appeal (1) from an order of fact-finding of the Family Court, Kings County (Ambrosio, J.), dated August 10, 2012, which, after a hearing, found that they abused the child Janelle E and derivatively neglected the children Jaya E and Jaylin C., and (2), as limited by their respective briefs, from so much of an order of disposition of the same court (Gruebel, J.) dated December 19, 2012, as, upon the fact-finding order, and after a dispositional hearing, released the three subject children to the custody of the nonrespondent mother.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is reversed insofar as appealed from, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petitions are denied, and the proceedings are dismissed.
In June 2010, the child Janelle E, who was approximately *873 four months old, was admitted to the hospital based on a primary complaint of swelling above her left ear. Subsequently, on June 21, 2010, the petitioner commenced these proceedings alleging that the father and the paternal grandmother (hereinafter together the appellants) abused Janelle E, and derivatively neglected the children Jaya E and Jaylin C. Specifically, the petitions alleged that Janelle E had been admitted to the hospital and diagnosed with a cephalohematoma and small subdural hematoma, and that the appellants were unable to provide an adequate explanation as to how Janelle E sustained an injury to her head while under their exclusive care and custody. After a fact-finding hearing, the Family Court determined that the petitioner had sustained its burden of proving by a preponderance of the evidence that the appellants abused Janelle E and derivatively neglected Jaya E and Jaylin C.
A prima facie case of child abuse or neglect may be established by evidence of an injury which ordinarily would not occur absent an act or omission of the responsible caretaker (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Fantaysia L., 36 AD3d 813, 814 [2007]; Matter of Aniyah F., 13 AD3d 529, 530 [2004]). “If the petitioner establishes a prima facie case of abuse, ‘the burden of going forward shifts to respondents to rebut the evidence of parental culpability,’ although the burden of proof always remains with the petitioner” (Matter of David T.-C. [Denise C.], 110 AD3d 1084, 1085 [2013], quoting Matter of Philip M., 82 NY2d at 244; see Matter of Aliyah G. [Arlenie G.], 95 AD3d 885, 886 [2012]).
Here, the evidence presented by the petitioner did not establish a prima facie case of abuse against the appellants. The petitioner’s expert medical witness, a physician at the hospital where Janelle E was admitted, testified that Janelle E was diagnosed with a millimeter-sized subdural hematoma and “encephalo hematoma” caused by blunt force trauma. However, he opined that the child’s injury could have been caused by a fall of a couple feet onto a hard surface. Moreover, he testified that there was no discoloration with the swelling, that the child was not in any pain, and that aside from the swelling, the child was asymptomatic. He also testified that when he examined the child, she looked “great,” and was smiling and happy. Under the particular circumstances of this case, the petitioner failed to establish by a preponderance of the evidence that the appellants abused Janelle E and derivatively neglected Jaya P. and Jaylin C. (cf. Matter of David T.-C. [Denise C.], 110 AD3d 1084, 1086 [2013]; Matter of Tyler S. [Melissa J.], 103 AD3d 731, 733-734 [2013]).
*874 Accordingly, the petitions must be denied and the proceedings dismissed.
In light of our determination, we need not reach the appellants’ remaining contentions.
Skelos, J.E, Lott, Roman and LaSalle, JJ., concur.