■ In the Matter of MIGUEL G., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NAVIL G., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of SARAY G., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NAVIL G., Respondent, et al., Respondent. (Proceeding No. 2.) (And Two Other Proceedings.) [21 NYS3d 313]—

Appeal from an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated June 11, 2013. The order, insofar as appealed from, after a hearing, determined that the mother abused the child Brandon G. and derivatively abused the children Miguel G. and Saray G.

Ordered that the order of fact-finding is reversed insofar as appealed from, on the facts, without costs or disbursements, the petitions are denied, the proceedings are dismissed, and the order of disposition of the same court dated July 15, 2013, is vacated (*see Matter of Miguel G. [Navil G.]*, 134 AD3d 712 [2015] [decided herewith]).

In the order of fact-finding appealed from, the Family Court inter alia, found that the child Brandon G. was abused by the mother and the children Miguel G. and Saray G. were derivatively abused by the mother. Section 1046 (a) (ii) of the Family Court Act permits a finding of abuse based upon evidence of an injury to a child which would ordinarily not occur absent acts or omissions of the responsible caretaker, and "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (*Matter of Philip M.*, 82 NY2d 238, 244 [1993]). "If the petitioner establishes a prima facie case of abuse, 'the burden of going forward shifts to respondents to

rebut the evidence of parental culpability,' although the burden of proof always remains with the petitioner" (*Matter of David T.-C. [Denise C.]*, 110 AD3d 1084, 1085 [2013], quoting *Matter of Philip M.*, 82 NY2d at 244).

The petitioner established a prima facie case of abuse (*see* Family Ct Act § 1046 [a] [ii]; [b] [i]; *Matter of Philip M.*, 82 NY2d at 243-244; *Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d 1021, 1022 [2011]). Contrary to the petitioner's contention, however, the mother presented sufficient evidence to rebut the petitioner's case, through the testimony of her expert witness. The mother's expert witness testified that the injuries sustained by the child Brandon G., a sibling of the children Miguel G. and Saray G., occurred during a period of time when the petitioner had not established that Brandon G. was in the exclusive care of the mother. Additionally, the expert opined that the injuries could have resulted from alternate mechanisms. Thus, the petitioner failed to establish, by a preponderance of the evidence, that the mother abused Brandon G. and derivatively abused Miguel G. and Saray G. (*see Matter of David T.-C. [Denise C.]*, 110 AD3d 1084 [2013]; *Matter of Tyler S. [Melissa J.]*, 103 AD3d 731 [2013]; *Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d at 1022-1023). Dillon, J.P., Hall, Cohen and Barros, JJ., concur.