Matter of Jahiel K. (Ricardo N.) (2021 NY Slip Op 07515)





Matter of Jahiel K. (Ricardo N.)


2021 NY Slip Op 07515


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Docket No. NA-09976/19, NA-09977/19, NA-09978/19 Appeal No. 14912 Case No. 2020-04313 

[*1]In the Matter of Jahiel K., and Others, Children Under Eighteen Years of Age, etc., Ricardo N., Respondent-Appellant, Nadisha K., et al., Respondents, Administration for Children's Services, Petitioner-Respondent.


Richard Cardinale, Brooklyn, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 29, 2020, insofar as it brings up for review a fact-finding decision, same court and Judge, dated October 29, 2020, which, after a hearing, found that respondent father abused the subject child Heaven and derivatively neglected the subject child Jahiel, unanimously affirmed, without costs.
The court properly found that petitioner demonstrated by a preponderance of the evidence that Heaven was sexually abused by the father or that he failed to prevent the abuse, based on the medical records, testimony of the medical expert, and of the mother and the father that he had access to the child. Unexplained evidence that a young child suffers from a sexually transmitted disease while under the care of the parent, as here, suffices to establish a prima facie case of sexual abuse and creates a rebuttable presumption that the parent was responsible, even if the evidence is insufficient to demonstrate that the parent committed or had actual knowledge of the abuse (see Matter of Magnolia A., 272 AD2d 115, 116 [1st Dept 2000], appeal denied 95 NY2d 902 [2000]).
The father failed to explain how the child contracted the sexually transmitted disease and did not rebut the showing that he had access to her and that she was in his care at the time the condition was diagnosed. Moreover, the evidence indicated that both he and the mother and the father of the mother's youngest child were also diagnosed with chlamydia.
The finding that the father sexually abused or permitted Heaven to be sexually abused while in his care was sufficient to support the court's finding that he derivatively neglected Jahiel (see Matter of Samantha F. [Edwin F.], 169 AD3d 549, 550 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021