Matter of A.M.G. (Erika G.--Jesus M.J.) (2026 NY Slip Op 00974)

Matter of A.M.G. (Erika G.--Jesus M.J.)

2026 NY Slip Op 00974

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Docket No. NA-32655-56/23|Appeal No. 5859-5860|Case No. 2024-06724, 2025-04167|

[*1]In the Matter of A.M.G. and Another, Children Under the Age of Eighteen Years, etc., Erika G., Respondent-Appellant, Jesus M. J., Respondent, Administration for Children's Services of the City of New York, Petitioner-Respondent. 

Law & Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Daniel Abdul-Malak of counsel), for the child, A.M.G.
Donna C. Chin, New York, attorney for the child, C.M.G.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about September 24, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about September 20, 2024, which found that respondent mother abused her daughter and derivatively abused and neglected her son, unanimously affirmed, and the appeal from the order of disposition otherwise dismissed, without costs, as taken from a nonappealable order.
A preponderance of the evidence supports Family Court's determination that respondent mother abused her daughter or allowed her daughter to be sexually abused, and derivatively abused and neglected her son (see Family Court Act §§ 1012 [e][iii][a]; 1046[b][i]; Matter of J.L. [J.A.L.], 228 AD3d 474, 474 [1st Dept 2024]). The daughter's certified medical records indicating that she tested positive for chlamydia established a prima facie case of abuse, creating a rebuttable presumption that the mother was responsible, even if the evidence was insufficient to demonstrate that she committed or had actual knowledge of the abuse (see Matter of Philip M., 82 NY2d 238, 245-246 [1993]; Matter of Magnolia A., 272 AD2d 115, 116 [1st Dept 2000], lv dismissed 95 NY2d 902 [2000]). There is no basis for disturbing Family Court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]), including its rejection of the mother's testimony offering for the first time the explanation that the child had symptoms of vaginal discharge and yellow eyes at birth and again when she was about two years old (see Matter of Jasmin O., 222 AD2d 240 [1st Dept 1995]). The mother also failed to rebut petitioner's showing that she had access to her daughter, and that the child was in her care at the time her daughter's condition was diagnosed.
The finding of derivative abuse and neglect against the mother for her son was appropriate. Although a finding that the daughter was sexually abused does not, in and of itself, establish that the son has been derivatively abused and neglected (see Matter of Abigail S., 21 AD3d 380, 381 [2d Dept 2005]), here, the mother's abuse of her daughter or in allowing that child to be sexually abused evinced a flawed understanding of a parent's duties and impaired parental judgment sufficient to support Family Court's findings of derivative abuse and neglect as to her son (see Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]). That the son was unaware that his sister was being sexually abused does not require a different result (see Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]).
To the extent the mother seeks to challenge the court's disposition, which, among other things, placed the children in the custody of the Commissioner of Social Services of Bronx County until the completion of the next permanency hearing, directed her to comply with services, and abide by the order of protection issued on behalf of the children, the appeal is dismissed as the mother concedes in her brief that she consented to that order, which has expired (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 425 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026