Matter of Mercedes B. (Nicholas B.) (2026 NY Slip Op 01896)

Matter of Mercedes B. (Nicholas B.)

2026 NY Slip Op 01896

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE,
JJ.

183 CAF 24-01884

[*1]IN THE MATTER OF MERCEDES B.
;ERIE COUNTY
DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
andNICHOLAS B., RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT. 
JESSICA L. VESPER, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.),
dated October 8, 2024, in a proceeding pursuant to Family Court Act article 10. The order
found that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed
without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondent father
appeals from an order that, inter alia, determined that he abused the subject child. We
affirm.
As relevant here, Family Court Act § 1012 (e) (i) provides that a child is abused
when the parent or other legally responsible adult "inflicts or allows to be inflicted upon
such child physical injury by other than accidental means which causes or creates a
substantial risk of death, or serious or protracted disfigurement, or protracted impairment
of physical or emotional health or protracted loss or impairment of the function of any
bodily organ." A prima facie case of abuse may be established by adducing evidence "(1)
[of such] an injury to a child which would ordinarily not occur absent an act or omission
of respondent[ ], and (2) that respondent[ was] the caretaker[ ] of the child at the time the
injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see
Family Ct Act § 1046 [a] [ii]).
The father contends that the child's injuries here were not of sufficient magnitude to
sustain a finding of abuse pursuant to Family Court Act article 10. The father, however,
failed to preserve that contention for our review inasmuch as he failed to raise that
contention before Family Court (see Matter of Daniel D. [Tara D.], 232 AD3d 1220, 1222
[4th Dept 2024]). In any event, we conclude that the father's contention lacks merit.
Petitioner established that the child sustained bone fractures (see Matter of Tyree B. [Christina
H.], 160 AD3d 1389, 1389 [4th Dept 2018]; Matter of Jaiden T.G. [Shavonna D.-F.], 89 AD3d 1021,
1022 [2d Dept 2011]; Matter of Sharonda S., 301 AD2d 532, 533 [2d Dept
2003]), which were " 'clearly inflicted and not accidental' " (Matter of Jonah B. [Ferida B.],
165 AD3d 787, 789 [2d Dept 2018]), and which "create[d] a substantial risk"
of sufficiently serious injuries (Family Ct Act § 1012 [e] [i] [emphasis added]; see Matter of Addison M.
[Bridgette M.], 173 AD3d 1735, 1736-1737 [4th Dept 2019]; Jonah B.,
165 AD3d at 789). Contrary to the father's further contention, he failed to rebut the
presumption that he was responsible for the child's injuries (see Matter of Avianna M.-G.
[Stephen G.], 167 AD3d 1523, 1524 [4th Dept 2018], lv denied 33
NY3d 902 [2019]; Matter of
Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court